No. 46,589

Robert Rostocil, *Appellant*, v. Phillips Petroleum Company, a Corporation, *Appellee*.

(502 P. 2d 825)

Opinion filed November 4, 1972.

*Stanley Krysl*, of Hindman & Krysl, of Stockton, argued the cause, and *D. A. Hindman*, of the same firm, was with him on the brief for the appellant.

*Edward Larson*, of Hays, argued the cause and *Norman W. Jeter*, of Hays, and *John L. Williford*, of Bartlesville, Oklahoma, were with him on the brief for the appellee.

*Per Curiam:* The appellant, Robert Rostocil, owned a quarter section of land in Rooks County which was subject to a "Form 88-(Producers)" oil and gas lease, dated September 12, 1940, executed by the former owners of the land. The appellee, Phillips Petroleum Company, was the lessee.

The lease contained the following provision: "When requested by lessor, lessee shall bury his pipe lines below plow depth."

Later, in 1953, in connection with a unitization of the lease with adjoining properties, a "right of way grant" was made to the Phillips Petroleum Company for pipe lines to meet requirements to transport oil arising from the unitization. The grant contained no reference to burying the pipe lines.

The trial court held that the easement grant of 1953 did not modify the duty of the lessee to bury the pipe lines. No issue is made of this finding.

The lessee had initially buried its pipe lines below plow depth in the course of its operations under the lease.

The appellant, as present owner, desired to terrace his land for agricultural purposes and requested the lessee to lower its pipe lines where necessary to accommodate the terracing. This the

appellee refused to do. Thereupon, appellant had the pipe lines re-buried to meet his needs. He sues to recover $1,339.99, the cost of having the work done. The reasonableness of the amount is not disputed. It is stipulated that the whole amount is due the appellant, or none.

The trial court found this case to be identical with *Potter v. Northern Natural Gas Co.*, 201 Kan. 528, 441 P. 2d 802, and rendered judgment for the defendant, holding that there was no continuing obligation on the lessee to bury its pipes more than once, and that the duty is to be determined by the extent of the use made at the time of the grant.

The *Potter* case involved a grant of easement to the pipe line company for the laying of a pipe line. The grant required the grantee to "bury all pipe laid upon said land to a sufficient depth so as not to interfere with the cultivation of the soil." In that case the landowner demanded that the pipe line be re-buried to accommodate the leveling of the land so that it could be irrigated. The demand was refused and the refusal upheld on the ground that the owner of the dominant easement had met its obligation in the first instance and had no continuing obligation once the purpose and conditions of the grant had been fulfilled.

We find the *Potter* case is not applicable to the present case for the reason that the requirement "when requested by the lessor, lessee shall bury his pipe lines below plow depth," carries an implied continuing obligation to keep pipe lines buried below plow depth so as not to interfere with normally anticipated agricultural practices. Certainly terracing in these times is such a practice.

We do not have here a grant of a permanent easement for a stipulated price, with a dominant estate in the grantee. What we have here is a landlord and tenant relationship, in the light of which the obligation of the lessee must be tested. The interest under an oil and gas lease is personal property. It does not necessarily run beyond the initial term but may run indefinitely. The obvious intent of the parties under such a lease is that the licensed privileges of the lessee are to run hand in hand with those reserved by the lessor with neither interfering more than need be with the continuing uses of the other—the one for the exploration, production and transportation of minerals and the other for the pursuit of agriculture.

The lessee, under an oil and gas lease, does not own a dominant easement. He is licensed to lay pipes wherever and whenever he

finds it convenient. If he is obligated to bury them below plow depth, as he is in this case, he must keep them so buried when requested by the lessor, so as not to interfere with the lessor's normal and accepted practices.

We find accordingly that the language of the lease in this case, which defines the basic obligation of the lessee, is, in the light of the relationship, clear in imposing upon the lessee a continuing duty. If any aid of construction from collateral facts were to be needed, we find that the parties themselves construed the language of the lease as we have construed it here, when the same lessee a short time before complied with a similar request under an identical lease on other property owned by the same lessor.

The judgment of the trial court is reversed and the court is directed to enter judgment in favor of the plaintiff and against the defendant for $1,339.99 and costs.